**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION**

JESSICA TENNEY,

    Plaintiff,                                     Case No. 2:19-CV-46-TSK

v.

RADIUS GLOBAL SOLUTIONS, LLC,

    Defendants.

_____/

**STIPULATED PROTECTIVE ORDER**

    The Plaintiff, Jessica Tenney ("Plaintiff") and the Defendant Radius Global Solutions, LLC ("Defendant") hereby stipulate to entry of this Protective Order for the purpose of maintaining and protecting the confidentiality and proprietary nature of documents and other information that the Parties may produce voluntarily or may be required to produce in this proceeding.

    ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED:

    (1)    This Agreement shall govern all documents and/or electronic data produced by any of the Parties in this action pursuant to a formal or informal discovery request of another Party, which documents are not otherwise in the possession of the non-producing Party (the "Documents").

    (2)    "Confidential Information" as used herein means any type or classification of information which is designated as "CONFIDENTIAL" in the manner described in paragraph 4 by the producing Party, including but not limited to (a) all documents, things, electronic information and copies thereof, (b) answers to interrogatories and responses to requests for admissions, and (c) all testimony given in this action by the Parties, their officers, consultants,

experts, directors, agents, and/or employees, whether by deposition or at a hearing or trial, which this Agreement or a Party so designates, including all transcripts thereof.

(3) A producing Party may designate as CONFIDENTIAL any information which the producing Party in good faith believes contains intellectual property, a trade secret, or other confidential research, development, financial, personal or commercial information of the producing Party.

(4) Any document or portion thereof or any other form of information contemplated under the Federal Rules of Civil Procedure or the Federal Rules of Evidence, or otherwise produced by any Party in this action, for which a claim of confidentiality is made at the time of production shall be designated by the producing Party as CONFIDENTIAL. At the time it is produced for inspection by counsel, it is sufficient designation for this purpose that an individual item produced bears a written label marked "CONFIDENTIAL" and any object, file or document so marked shall be handled as hereinafter set forth. If any information is produced on any electronic storage device or other electronic medium of any kind, or through transmission over the internet, a designation of "CONFIDENTIAL" either on or with such device, medium or transmission shall be sufficient to designate all information contained on or transmitted through such device, medium or transmission as Confidential Information, and any information contained on or transmitted through such device, medium or transmission so marked shall be handled as hereinafter set forth. Any documents, electronic information or copies thereof or other information designated as CONFIDENTIAL in accordance with this paragraph shall be subject to the terms of this Agreement.

(5) "Qualified Persons" as used herein means any of the following.

(a) The Parties to this action and the employees, officers and directors of the Parties who have a need to review the Information in connection with this action;

(b) counsel involved in this action, including all counsel of record in this action and other counsel engaged or employed by any of the Parties and advising or assisting any of the Parties in this case;

(c) any litigation assistant or paralegal employed by and assisting counsel involved in this action, and stenographic, secretarial or clerical personnel employed by and assisting such counsel in this action;

(d) consulting or testifying experts who are assisting counsel in the prosecution or defense of this action;

(e) any litigation assistant, paralegal, stenographic, secretarial or clerical personnel employed by an expert described in section (c) of this paragraph to assist such expert in this action;

(f) any employee, officer, director, manager, member, agent or other representative of a Party or Party's affiliate who provides assistance to a Party's counsel or otherwise participates in the defense or prosecution of this litigation;

(g) any court reporter or typist recording or transcribing testimony in this action;

(h) any employee of a company retained by any counsel involved in this action to provide litigation support services; and

(i) Any witness at a deposition or trial;

(j) The Court in this action and all personnel employed by the Court and involved in this action.

(6) Only Qualified Persons may have access to Confidential Information produced by the other Party to this action. Written consent by all Parties to this Agreement or prior leave of Court must be obtained for anyone other than a Qualified Person to access Confidential Information.

(7) A Party that receives Confidential Information pursuant to a formal or informal discovery request to another Party shall use such Confidential Information only in connection with this litigation and shall not use such Confidential Information for any other purpose.

(8) Before any Party may provide access to or disclose any Confidential Information to any Qualified Person described in sections 5(c), 5(d), 5(e) of 5(f), such Qualified Person must agree in writing to be bound by the terms of this Agreement by executing the form attached hereto as Exhibit "A".

(9) When any testimony is given by any witness at a deposition, hearing, or trial in this action, the testimony and the entire transcript containing any such testimony shall be treated as Confidential Information until the date that is fourteen (14) days after the issuance of the transcript of such deposition, hearing, or trial. After any deposition, hearing or trial is conducted and a transcript of such proceeding is issued by the court reporter, all Parties to this action have fourteen (14) days from the issuance of the transcript to designate any portion of the transcript as CONFIDENTIAL and to notify all other Parties of such designation. Any portions of any deposition, hearing or trial transcript designated as CONFIDENTIAL pursuant to this paragraph shall thereafter be treated by all Parties as Confidential Information pursuant to this Agreement.

(10) Exhibits to depositions in this action containing Confidential Information shall be marked as CONFIDENTIAL at or prior to the time the court reporter marks them for identification, and shall be treated by all Parties as Confidential Information pursuant to this Agreement. Before

any Party requests that a court reporter mark an exhibit for identification, the other Parties shall be entitled to review the exhibit and mark it as CONFIDENTIAL pursuant to this Agreement.

(11)   Only Qualified Persons authorized to access Confidential Information and the witness shall be present during any testimony, whether in a deposition, hearing or any other proceeding, in which Confidential Information is discussed.  Counsel for any Party may exclude from the room during a deposition, hearing or other proceeding, any person (other than the witness who is then testifying) who is not entitled under this Order to receive Confidential Information.

(12)   Any court reporter or transcriber who reports or transcribes testimony in this action at a deposition shall agree by a statement on the record, before recording or transcribing any testimony, that all testimony and information revealed at the deposition is and shall remain confidential and shall not be disclosed by such reporter or transcriber except to the attorneys for each Party and any other person who is present while such testimony is being given, and that copies of any transcript, reporter's notes or any other transcription records of any such testimony shall be retained confidentially by such reporter or transcriber except as provided in this Agreement.

(13)   The inadvertent or unintentional production of information containing Confidential Information, without being designated as "CONFIDENTIAL" at the time of the production, shall not be deemed a waiver, in whole or in part, of a Party's claim to the confidentiality or secrecy of the documents or information produced. A Party must correct any designation error as soon as reasonably possible after the designating Party becomes aware of the error by advising in writing the persons to whom such information has been disclosed or produced. The Party making the designation must provide another copy of the information that bears the new and correct designation to persons who may properly receive such information under this Agreement. All persons who received the information without a CONFIDENTIAL designation shall destroy the

undesignated Confidential Information, including all electronic copies of such information and all emails containing such information. Counsel for any Party required to destroy Confidential Information under this paragraph must certify to counsel for the producing Party that the receiving Party has in fact destroyed all such Confidential Information, including all electronic copies of such information and all emails containing such information.

(14) In designating information as CONFIDENTIAL, the producing Party will make such designation only as to that information which the producing Party in good faith believes to qualify as confidential under paragraph 3 of this Agreement.

(15) A Party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this litigation objects to the designation of any information as "CONFIDENTIAL", the objecting Party may give written notice of such objection to the designating Party. The Parties shall attempt to resolve such dispute in good faith on an informal basis. If a dispute with respect to the designation of documents or information as "CONFIDENTIAL" cannot be resolved within fourteen (14) days of the date that written notice of an objection is provided by the objecting Party to the designating Party, the objecting Party may then seek an order from the Court removing the CONFIDENTIAL designation from such information. The document or information shall remain "CONFIDENTIAL" until the Court rules on the objecting Party's request to remove the CONFIDENTIAL designation.

(16) Nothing in this Agreement shall prevent any Party from filing with the Court any document that has been designated as CONFIDENTIAL that the Party determines is relevant to any motion, claim, or defense at issue in this action. In the event that any Confidential Information is used in any court proceeding, it shall not lose its status as Confidential Information merely

through such use in conformance with this Agreement, and the Parties shall take all steps reasonably required to protect its confidentiality during such use.

(17) Within sixty (60) days after the conclusion of this action, including all appeals, each Party, each Party's counsel and all other Qualified Persons possessing Confidential Information will destroy all Confidential Information in their possession, including all electronic copies of such information and all emails containing such information. Each Party, each Party's counsel and all other Qualified Persons must give notice in writing to all other Parties that they have complied with their obligations under this paragraph.

(18) For purposes of paragraphs 13 and 17 of this Order, the requirement to destroy electronic information and emails shall be satisfied if all such electronic information and emails are deleted from the email inbox, hard drive and/or other electronic storage medium of all Qualified Persons possessing copies of such information. No physical destruction or alteration of hard drives or any other electronic storage medium shall be required.

(19) This Order is intended to facilitate the flow of discovery materials and to expedite the resolution of discovery disputes between or among the Parties. Neither the entry of this Agreement, the consent of the Parties to entry of this Agreement, the designation by the Parties of materials pursuant to this Agreement, or the failure of any Party to challenge a confidentiality designation shall raise any inference or constitute any evidence of the existence of any trade secrets or confidential business information.

(20) This Agreement shall not affect the rights of the Parties to object to discovery on grounds other than those related to the confidentiality of documents, nor shall it relieve a Party of the necessity of proper response or objection to discovery requests, nor shall it limit or preclude any Party from bringing a motion to compel discovery in this proceeding or seeking further relief

or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

(21)   Any Party seeking to enforce the terms of this Agreement shall have the right to seek appropriate sanctions with the Court, including, but not limited to, money damages and equitable relief.

(22)   This Agreement does not preclude any Party from using or disclosing its own confidentially designated documents or materials for any purpose.

(23)   The Parties confirm by their signature that they have received a copy of this Agreement, have read it, understand it, and agree to be bound by it. The Parties hereby consent and submit to the jurisdiction of the United States District Court for the Northern District of West Virginia, to enforce, and to resolve all questions relating to interpretation or enforcement of this Order.

Entered this   19th   day of June, 2020.

/s/ Thomas S. Kleeh
Honorable Thomas S. Kleeh
U.S. District Judge

Submitted by:

 /s/ Albert C. Dunn, Jr.
Albert C. Dunn, Jr. (WV Bar #5670)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: 304.345.4222
F: 304.343.3133
adunn@baileywyant.com
Counsel for Defendant

Approved by:

**/s/ Joshua A. Mize**
**Joshua A. Mize, Esq. (WV Bar # 13086)**
**Mize Law, PLLC**
**110 Front Street, Ste 300**
**Jupiter, FL 33477**
**T: (407) 913-6800**
**F: (407) 604-7410**
**jmize@mize.law**
**Attorney for Jessica Tenney**